FILED

**IN THE UNITED STATES DISTRICT COURT**
**IN EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

2010 MAR -4 P 3: 24

CLERK US DISTRICT COURT
ALEXANDRIA. VIRGINIA

|  |  |
|---|---|
| myRete, Inc., | |
| **Plaintiff,** | |
| v. | Case No. _1: 10 CV 210_ |
| Gemma Bird LLC, and<br>James Young, | **JURY TRIAL DEMANDED**<br>_LmB / IDD_ |
| **Defendants.** | |

## COMPLAINT

Plaintiff myRete, Inc. (hereinafter "myRete"), through counsel, files this action for trademark infringement, unfair competition, and cybersquatting under the Lanham Act, Title 15, Chapter 22 of the United States Code and Virginia common law against Defendants Gemma Bird LLC and James Young. Plaintiff myRete is seeking injunctive relief, damages, profits, treble damages, attorneys' fees, and costs and for its complaint alleges as follows:

## THE PARTIES

1. Plaintiff myRete, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 6920-B Bradlick Center #151, Annandale, VA 22003.

2. Upon information and belief, defendant Gemma Bird LLC ("Gemma Bird") is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 555 De Haro Street, San Francisco, CA 94107.

3.      Upon information and belief, Gemma Bird may be served by serving process on the Virginia State Corporation Commission pursuant to Va. Ann. Code §§ 8.01-301 and 8.01-329.

4.      Upon information and belief, defendant James Young is an individual residing at 555 De Haro Street, San Francisco, CA 94107 and is the controlling principal of Gemma Bird.

5.      Gemma Bird and Mr. Young are referred to herein collectively as "Defendants."

## JURISDICTION AND VENUE

6.      This Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1367 because the matter arises under the Lanham Act, 15 U.S.C. § 1125.

7.      Venue is proper in this district under 28 U.S.C. § 1391 (b) because a substantial part of the events giving rise to the claims occurred in this judicial district.

8.      Personal jurisdiction over Defendants exists under Va. Ann. Code § 8.01-328.1(A)(1). Upon information and belief, Defendants have transacted and continue to transact business in this Commonwealth by, at the least, delivering products to customers in this Commonwealth and Defendants offer infringing products through interactive iPhone and iPod touch applications and on Defendants' website, all of which is accessible and user interactive within this Commonwealth and within this judicial district.   Personal jurisdiction over Defendants also exists under Va. Ann. Code § 8.01-328.1(A)(3).  Upon information and belief, Defendants have delivered one or more infringing products into the Commonwealth of Virginia and that such delivery constitutes the commission of a tort in the Commonwealth of Virginia.

## FACTS COMMON TO ALL CLAIMS

A.   <u>myRete's Application – WhosHere</u>

9.      myRete is a company founded in 2008 by Stephen Smith and Bryant Harris. myRete offers a popular social proximity networking application for the Apple® iPhone® and iPod® touch devices and related services via Apple® iTunes®, over the Internet, and its website at myRete.com.   myRete offers its innovative products and related services throughout this judicial district, the United States, and worldwide.

10.    Social proximity networking is social networking in which geolocation technologies, including cell tower localization, Wi-Fi connectivity, and GPS navigation services allow users to see where they are in relation to each other through the use of the Internet or mobile devices, such as the Apple® iPhone®.

11.    myRete's founders first solicited investments for its well-known social proximity networking application, called WhosHere™, in January 2008.  Development of WhosHere™, started in March 2008.  WhosHere™ was a functional application, and was demonstrated and shown to additional potential investors in approximately April 2008.   myRete launched WhosHere™ in July 2008.

12.    The WhosHere™ application enables users to meet people near them with similar interests through a simple interface.  After downloading the application, users simply fill out their profile and indicate the age and gender, and other criteria they care to enter, of the type of people that they would like to meet.  WhosHere™ then shows the user the people that match that description that are nearby or anywhere in the world.  When a match is found, WhosHere™ allows a user to communicate with that person through several means.  WhosHere™ features the ability to text message other users and see lists of nearby users, new users, and a history of users

with which the user has exchanged messages. In addition, the current version has the ability to place a call to other users using Wi-Fi and to also send pictures between users.

13.     The WhosHere™ application has become extremely popular and its use is widespread, throughout this judicial district, the United States, and worldwide.

14.     The WhosHere™ application was the first of its kind on iTunes and reached a user base of 100,000 users in just over 100 days after its release and today over one million users enjoy the WhosHere™ application in over 150 countries, including the United States.

B.      myRete's Trademark

15.     Beginning at least as early as January 2008, myRete's founders adopted and began using the distinctive WhosHere™ trademark in connection with social proximity networking software. Since that time, myRete has continuously used the WhosHere™ trademark in this judicial district, the Commonwealth of Virginia, and in interstate commerce in the United States and worldwide for the purpose of identifying myRete's social proximity networking applications and for distinguishing its goods and services from the goods and services of others.

16.     Through its continuous and widespread use of the WhosHere™ mark, myRete owns common law rights in the WhosHere™ trademark, which is subject to a pending federal trademark application.

17.     The only authorized website from which to download myRete's WhosHere™ application is Apple's iTunes website. On the iTunes website, myRete's WhosHere™ application is consistently available in connection with the WhosHere™ trademark.

18.     The WhosHere™ trademark is and has been consistently displayed in connection with myRete's social proximity networking application. An example of myRete's use of the

4

WhosHere™ trademark in connection with its social proximity networking application is attached hereto as **Exhibit A**.

19.     myRete maintains strict quality control standards for the social proximity networking application available in connection with the WhosHere™ trademark.

20.     myRete has received extensive media attention throughout the United States regarding its WhosHere™ application. Just one of the many positive media reports regarding the WhosHere™ application is attached hereto as **Exhibit B**.

21.     As a consequence of myRete's widespread and continuous use of the WhosHere™ trademark throughout the United States and worldwide, and due to the significant investment of time, money, and efforts, and the high quality of the social proximity networking applications available in connection with the WhosHere™ trademark, the WhosHere™ trademark has acquired enormous value and has become extremely well-known to the consuming public and trade as identifying and distinguishing the source of myRete's products exclusively and uniquely and thus myRete has developed valuable common law rights in the WhosHere™ trademark.

C.     Defendants' Unlawful Conduct

22.     Despite receiving actual notice of myRete's WhosHere™ trademark and myRete's rights therein, Defendants, without authorization or license from myRete, have knowingly and willfully used and continue to use "WhosAround" or colorable variations thereof in connection a social proximity networking application for the iPhone®.

23.     Upon information and belief, Defendants have used and continue to use the following colorable variations of "WhosAround":   "Who's Around," "Whos-Around,"

5

"WhosAround Local Chat," and "WhosAround XD" (referred to collectively herein as "WhosAround").

24.     An example of Defendants use of "WhosAround" in connection with social proximity networking applications is attached hereto as **Exhibit C**. As shown in Exhibit C, Mr. Young, along with Gemma Bird, is listed as the "Seller" and that the application is "By Jim Young."

25.     Upon information and belief, Defendants are responsible for the content of the website http://whos-around.com, which also uses the name "WhosAround" in connection with a social proximity networking application. The registration information for the domain <whos-around.com> lists Gemma Bird, LLC as the registrant and Mr. Young as the administrative contact.

26.     Defendants' website has a significant and far-reaching Internet presence as the only link on Defendants' website redirects the user to Apple's very popular application store for the iPhone® which, in turn, provides a downloadable version of Defendants' social proximity networking application in connection with the "WhosAround" name.

27.     Defendants offer their social proximity networking application in connection with the "WhosAround" name through the exact same channel that myRete offers its social proximity networking application in connection with the WhosHere™ trademark, namely the Apple® iTunes® application where third party applications for the iPhone are downloaded.

28.     Defendants' use of the "WhosAround" name has already caused confusion among the relevant consuming public and even law enforcement. Attached hereto as group **Exhibit D** are examples of such confusion, including individuals contacting myRete's unpublished e-mail

account, only accessible through the WhosHere™ application and, among other things, confusing WhosHere™ with WhosAround.

29.     Even law enforcement has been confused.  On or about January 28, 2010, an officer from the California Highway Patrol informed myRete that he mistakenly downloaded the WhosAround applicant when he intended to download the WhosHere application as part of an investigation.

30.     Before filing this action, myRete attempted to avoid this conflict by notifying Defendants of the infringement and other harm to myRete and requested that they stop using WhosAround or any other colorable imitation of myRete's WhosHere™ trademark.

31.     Unfortunately, Mr. Young and Gemma Bird have refused to stop infringing myRete's WhosHere™ trademark.  Instead, Mr. Young indicated he would only change the name of the WhosAround application if myRete "made it worth his while."

## COUNT I – UNFAIR COMPETITION UNDER THE LANHAM ACT
## 15 U.S.C. § 1125(a)

32.     myRete realleges and incorporates herein by reference the allegations stated in paragraphs 1-31 of this Complaint.

33.     Defendants' unauthorized use of colorable imitations of myRete's WhosHere™ trademark, namely "WhosAround," is likely to cause confusion, to cause mistake, or to deceive the consuming public and the trade as to the origin, sponsorship, or approval of Defendants' WhosAround products, and in fact has caused confusion, mistake, and has deceived the consuming public and the trade as to the origin, sponsorship, or approval of Defendants' WhosAround products.  As a result of Defendants' unauthorized use of colorable imitations of myRete's WhosHere™ trademark in connection with a social proximity networking application, the consuming public and trade is likely to believe that Defendants' product has been created or

approved by myRete, and such use falsely represents Defendants as being legitimately affiliated, connected, or associated with or authorized by myRete and places myRete's valuable and hard-earned reputation and goodwill in the hands of Defendants in violation of 15 U.S.C. § 1125(a).

34.    Defendants' conduct is causing immediate and irreparable injury to myRete, its goodwill and reputation, and will continue to damage myRete and deceive the public unless enjoined by this Court pursuant to 15 U.S.C. § 1116.

35.    In addition to injunctive relief, myRete is entitled to recover actual damages, Defendants' profits, costs, and reasonable attorneys' fees under 15 U.S.C. § 1117 in an amount to be determined. Any such damages should be trebled pursuant to 15 U.S.C. § 1117(b).

36.    myRete is further entitled to an Order directing that all items in the possession, custody, or control of Defendants bearing the colorable imitations of myRete's WhosHere™ trademark be delivered up to myRete and destroyed pursuant to 15 U.S.C. § 1118.

## COUNT II – CYBERSQUATTING UNDER THE LANHAM ACT
## 15 U.S.C. § 1125(d)

37.    myRete realleges and incorporates herein by reference the allegations stated in paragraphs 1-36 of this Complaint.

38.    myRete's WhosHere™  trademark was distinctive at the time Defendants unlawfully and illegally registered the <whos-around.com> domain name.

39.    Defendants had and still have a bad faith intent to profit from myRete's WhosHere™  trademark and have registered, trafficked in, or used a domain name (<whos-around.com>) that is confusingly similar to myRete's WhosHere™  trademark in violation of 15 U.S.C. § 1125(d).

40.     At the time Defendants registered the <whos-around.com> domain name, Defendants lacked any right to and had no legitimate interest in the WhosHere™ trademark or domain names which incorporate that trademark or confusingly similar variations thereof.

41.     Defendants' continuing acts of cybersquatting are likely to cause substantial and irreparable injury to myRete, and have damaged and are likely to continue to damage myRete's goodwill and reputation unless Defendants are enjoined from using and retaining ownership of the <whos-around.com> domain name.

42.     As a direct and proximate result of the foregoing, myRete has suffered monetary damages in an amount to be determined.

## COUNT III – TRADEMARK INFRINGEMENT
## UNDER VIRGINIA COMMON LAW

43.     myRete realleges and incorporates herein by reference the allegations stated in paragraphs 1-42 of this Complaint.

44.     Defendants' unauthorized use of colorable imitations of myRete's WhosHere™ trademark in connection with directly competing goods, in the same geographical areas and through identical or similar sales channels is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and the trade, whereby they would be led to mistakenly believe that Defendants are affiliated with, related to, sponsored by, or connected with myRete, in violation of the common law of the Commonwealth of Virginia.

45.     Defendants' conduct also constitutes an attempt to trade on the goodwill which myRete has developed, all to the damage of myRete.

46.     Defendants' conduct is causing immediate and irreparable injury to myRete, its goodwill and reputation, and will continue to damage myRete and deceive the public unless enjoined by this Court pursuant Virginia common law.

## COUNT III – UNFAIR COMPETITION
## UNDER VIRGINIA COMMON LAW

47.     myRete realleges and incorporates herein by reference the allegations stated in paragraphs 1-46 of this Complaint.

48.     Defendants' unauthorized use of colorable imitations of myRete's WhosHere™ trademark is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendants' goods by and with myRete and thus constitutes unfair competition under Virginia common law.

49.     Defendants' conduct is causing immediate and irreparable injury to myRete, its goodwill and reputation, and will continue to damage myRete and deceive the purchasing public and trade unless enjoined by this Court pursuant Virginia common law.

## PRAYER FOR RELIEF

WHEREFORE, myRete requests the following relief:

1.      For judgment that:

    a.      Defendants have engaged in unfair competition, false designation of origin, and trademark infringement in violation of 15 U.S.C § 1125(a);

    b.      Defendants have engaged in cybersquatting in violation of 15 U.S.C. § 1125(d);

    c.      Defendants have engaged in trademark infringement in violation of the common law of the Commonwealth of Virginia;

d.      Defendants have engaged in unfair competition in violation of the common law of the Commonwealth of Virginia; and

e.      Defendants' acts of infringement, false designation of origin, and unfair competition were willful.

2.      That a permanent injunction be issued enjoining Mr. Young, Gemma Bird, any of its parent companies, subsidiaries, affiliates, officers, agents, privies, shareholders, principals, members, directors, licensees, attorneys, servants, employees, affiliates, successors, and assigns, and all persons or business entities in active concert or participation with any one of them who receives actual notice of the order by personal service or otherwise, from:

a.      using myRete's WhosHere™ trademark, or any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of myRete's WhosHere™ trademark, including without limitation, "WhosAround," "Who's Around," "Whos-Around," or colorable imitations thereof, in connection with any goods or services; in connection with any domain name; or in connection with the importation, promotion, advertisement, sale, offering for sale, manufacture, production, dissemination, or distribution of any goods or services;

b.      assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph (a) above or taking any action that contributes to any of the activities referred to in subparagraph (a) above, or any other activity that consists of or contributes to the sale or distribution of infringing products bearing any of myRete's WhosHere™ trademark or colorable imitations thereof.

11

3.     That Defendants, at their own expense, recall any and all products that bear any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of the myRete's WhosHere™ trademark from any distributors, retailers, vendors, or others to whom Defendants have distributed or sold such products, and that such recall notices and other actions be taken within five (5) days after service of judgment with notice of entry thereof.

4.     That Defendants deliver up to myRete's attorneys for destruction, all goods, labels, tags, signs, stationary, prints, packages, promotional and marketing materials, advertisements and other materials (a) currently in Defendants' possession or under the control or (b) recalled by the Defendants pursuant to any order of the Court or otherwise, incorporating any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of myRete's WhosHere™ trademark, and all plates, molds, matrices, and other means of making the same, and that myRete be permitted to destroy all such goods without compensation to Defendants.

5.     That Defendants be enjoined from using the <whos-around.com> domain name and any other domain name using a colorable imitation of myRete's WhosHere™ trademark and that Defendants be ordered to transfer ownership of the <whos-around.com> domain name to myRete.

6.     That Defendants shall file with the Court and serve upon myRete's counsel within thirty (30) days after service of judgment with notice of entry thereof upon them a report in writing under oath, setting forth in detail the manner and form in which it has compiled with all of the above.

7.     That Defendants account for and pay over to myRete three times the profits realized by Defendants from their infringement of myRete's WhosHere™ trademark and from their unfair competition with myRete.

8.     That myRete be awarded its actual damages, trebled pursuant to 15 U.S.C. § 1117(a) arising out of Defendants' acts of willful trademark infringement and unfair competition.

9.     At myRete's election, and pursuant to 15 U.S.C. § 1117(d), at any time before final judgment is rendered by this Court, to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just.

10.    That myRete be awarded interest, including pre-judgment interest, on the foregoing sums in accordance with 28 U.S.C. § 1961.

11.    That myRete be awarded its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a) and other applicable laws.

12.    That myRete be awarded such other and further relief as the Court may deem just and proper.

## JURY DEMAND

myRete hereby demands trial by jury on all issues so triable.

Respectfully submitted this the 4th day of March, 2010.

Thomas J. Sawyer
VSB No. 27595
*Counsel for Plaintiff myRete, Inc.*
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
Fairfax Square
8065 Leesburg Pike, Fourth Floor
Tysons Corner, VA 22182
Phone: (703) 790-3310
Fax: (703) 918-2241
tsawyer@wcsr.com


OF COUNSEL:

Jacob S. Wharton (*pro hac vice* application to be filed)
NCSB No. 37421
*Counsel for Plaintiff myRete, Inc.*
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, NC 27101
Phone: (336) 721-3600
Fax: (336) 721-3660
jwharton@wcsr.com

14